UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

RUSSELL PALMER,                                :

                    Plaintiff,     :     **MEMORANDUM and ORDER**

      -against-                                   :     06 Civ. 2873 (PAC)(KNF)

NEW YORK STATE DEPARTMENT OF   :
CORRECTIONS, ET AL.,
                                                         :
                   Defendants.
--------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      In the instant action, brought pursuant to 42 U.S.C. § 1983, Russell D. Palmer ("Palmer"), who is proceeding pro se, has requested that the Court appoint counsel to assist him. His application is addressed below.

      Palmer contends the defendants violated his First, Fourth, Eighth and Fourteenth Amendment rights when they: (1) labeled him a gang member and, thereby, defamed him; (2) exhibited deliberate indifference to his medical needs by failing to diagnose the cause of and to treat timely infections that developed in various parts of his body; (3) searched his cell in contravention of correction agency directives; and (4) housed him in a cell which experienced a loss of electrical power.

      Unlike criminal defendants, prisoners, such as plaintiff, and indigents filing civil actions have no constitutional right to counsel. However, 28 U.S.C. § 1915(e)(1) provides that the Court may request an attorney to represent any person unable to afford counsel. Plaintiff made an application to proceed in forma pauperis which was granted. Therefore, he is within the class to

whom 28 U.S.C. § 1915(e)(1) speaks.

"In deciding whether to appoint counsel, [a] district court should first determine whether the indigent's position seems likely to be of substance." See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert denied, 502 U.S. 986, 112 S. Ct. 596 (1991). This means that it appears to the court "from the face of the pleadings," (see Stewart v. McMickens, 677 F. Supp. 226, 228 [S.D.N.Y. 1988]), that the claim(s) asserted by the plaintiff "may have merit," (see Vargas v. City of New York, No. 97 Civ. 8426, 1999 WL 486926, at *2 [S.D.N.Y. July 9, 1999]), or that "plaintiff appears to have some chance of success . . . ." See Hodge, 802 F.2d at 60-61.

A plaintiff seeking redress through 42 U.S.C. § 1983 is required to establish the violation of a federal constitutional or a statutory right. See Blessing v. Freestone, 520 U.S. 329, 340, 117 S. Ct. 1353, 1359 (1997). In the case at bar, the plaintiff has alleged, among other things, that the defendants violated administrative directives and committed a common-law tort. Therefore, with respect to these claims, it does not appear to the Court, from the face of Palmer's complaint, that these claims may have merit, in the context of an action brought under 42 U.S.C. § 1983, such that it would be appropriate to appoint counsel to assist him in prosecuting those claims. In addition, Palmer's allegation, that he was housed in a cell that experienced a loss of electrical power, without more, does not suggest that a constitutional violation may have occurred. In any event, the facts and circumstances pertinent to the defendants' confinement of the plaintiff in such a cell are matters about which Palmer should be able to learn, during the pretrial discovery phase of the litigation, without assistance from counsel.

According to Palmer, the water provided to him for bathing and drinking caused him to

become ill and to develop infections on his hands and feet. Palmer recalls that the defendants did not diagnose the cause of his illness timely and, thereafter, prescribed medications for him that failed to address his medical needs adequately.

Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain that is barred by the Eighth Amendment and states a claim under 42 U.S.C. § 1983. See Estelle v. Gamble, 429 U.S. 97, 104-105, 97 S. Ct. 285, 291 (1976).

"[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscious of mankind.' Thus, a complaint that a [health care provider] has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 105-106, 97 S. Ct. at 292.

From the face of the pleadings, it does not appear that Palmer's Eighth and Fourteenth Amendment claims have merit. Palmer does not allege that the defendants ignored his medical condition, rather, he maintains that the defendants did not diagnose his condition appropriately and, further, questions the utility of the treatment regimen he was asked to undergo. These complaints, that prison officials were negligent in diagnosing or treating a medical condition(s) as indicated above, do not state a valid claim under the Eighth and Fourteenth Amendments.

Consequently, in the circumstance of the instant case, the Court is not persuaded, based

upon the face of the pleadings, that the claims asserted by Palmer warrant the appointment of counsel. As a result, the plaintiff's request that the Court appoint counsel to represent him is denied.

Dated: New York, New York
       March 16, 2007

SO ORDERED:

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Russell D. Palmer
Rebecca Ann Durden, Esq.