UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

RUSSELL D. PALMER,                              :

              Plaintiff,          :        06 Civ. 2873 (PAC)(KNF)

    -against-                                  :        OPINION AND ORDER

N.Y.S. DEPT. OF CORRECTION                      :
GREENHAVEN, et al.,
                                         :
              Defendants.
                                         :
-------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

In April, 2006, Russell D. Palmer ("Plaintiff") commenced this § 1983 action, pro se and in forma pauperis, alleging that he had been deprived of an opportunity to attend his son's funeral in July, 2003; that in March, 2001, he was forced to drink contaminated water and, thereafter, tested positive for hepatitis and other assorted medical difficulties; that the Warden and medical staff were deliberately indifferent to his severe medical conditions; that his various grievances about his mistreatment by Correction Officers were arbitrarily denied; and, finally, when he complained about lighting in his cell, he was subject to retaliatory searches of his cell. Plaintiff sought $15 million in monetary and punitive damages.

In a preliminary filing with the Pro Se Office in February, 2006, Plaintiff represented that he only had two prior actions relating to his imprisonment, which he

identified as <u>Palmer v. Police Officer Wawlyn Stewart</u>, 02 Civ. 4076, and <u>Palmer v. District Attorney Robert Johnson and Police Officer Neldon</u>, 05 Civ. 1546.[1]

Defendants moved to dismiss on August 4, 2006 on the grounds that Plaintiff failed to comply with Judge Mukasey's order in <u>Palmer v. Alvarez</u>, 05 Civ. 3258, requiring Plaintiff to pay a filing fee prior to bringing any action, and otherwise to dismiss the complaint for failure to state a claim.

The matter was reassigned by Chief Judge Mukasey to this Court on October 24, 2006, and referred to Magistrate Judge Fox. When Plaintiff filed an amended complaint, Defendants renewed their motion to dismiss in December, 2006.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 24, 2007, Magistrate Judge Fox issued his thorough and thoughtful Report and Recommendation. The Magistrate Judge found that not only had Plaintiff filed the two lawsuits he admitted to, but seven additional <u>pro</u> <u>se</u>, <u>in</u> <u>forma</u> <u>pauperis</u> matters for a total of nine cases. Eight of these cases had been dismissed for failure to state a claim.

The Magistrate Judge found that in <u>Palmer v. Alvarez</u>, Plaintiff's complaint was dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and (iii), "for failure to state a claim upon which relief can be granted and for asserting claims against Defendants immune from suit." The District Judge certified, pursuant to 28 U.S.C. § 1915(a)(3), "that any appeal from this order would not be taken in good faith." Finally, Judge Mukasey also barred Plaintiff "from filing any civil action under the <u>in</u> <u>forma</u>

---

[1] The original description of the case in February, 2006 did not provide a docket number for this case. When Plaintiff filed an amended complaint in August, 2006, he provided the docket number for the second matter.

pauperis statute while he is a prisoner, unless his allegations bring his complaint within the terms of the statute's 'imminent danger' exception."

Plaintiff attempts to avoid the impact of Judge Mukasey's order by claiming that the absence of a filing fee is irrelevant because the filing fee can be deducted from his inmate trust account. This argument is rejected. When Congress adopted the Prison Litigation Reform Act, it clearly had inmates like Plaintiff in mind. The statute is intended to deter frivolous prisoner litigation by forcing an inmate to do what every other citizen must do: think before filing the lawsuit—"is filing this suit worth the costs." Tafari v. Hues, 473 F.3d 440, 443 (2d Cir. 2007) (quoting Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

Once an inmate has had three or more suits dismissed, he is barred from instituting further suits in forma pauperis, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The clear intention of the statute is that after three actions have been dismissed for failure to state a claim, the prisoner has to pay the appropriate filing fee, just like everyone else, at the time of filing. The filing statutes do not permit payment over time by periodic deductions. Further, the Court has no access to Palmer's inmate trust account. The law here is simple, clear and direct: payment must be made—as it is for everyone else—at the time of filing.

Plaintiff's failure to comply with Judge Mukasey's directive in the Alvarez case is more than sufficient to justify dismissal of this action. But, Magistrate Judge Fox did not rely only on Palmer's non-compliance with the Alvarez order. With commendable thoroughness, he reviewed each of Palmer's nine actions, which began almost a decade ago in 1998. There is only one matter that was still pending. As to the

other eight matters, he found that each had been disposed of in a manner that qualified as a strike under 28 U.S.C. § 1915(g).

Since there were more than three strikes, the statute permits an action without a filing fee only where there is an "imminent danger of serious physical injury." Magistrate Judge Fox reviewed Palmer's complaint to see whether there was any "imminent danger." The common definition of "imminent" is "likely to happen without delay" or "impending" or "threatening." None of Palmer's allegations dealt with anything that was going to happen on April 12, 2006, when Plaintiff filed his complaint. Indeed, Plaintiff complains of events which occurred no later than 2004, and some go back to 2001. In these circumstances, the Magistrate Judge reached the correct conclusion that the allegations of Plaintiff's complaint were completely lacking any suggestion of imminence.

Accordingly, the Magistrate Judge recommended that the Defendants' motion to dismiss Palmer's complaint, pursuant to 28 U.S.C. § 1915(g), be granted.

## APPLICABLE LAW

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the magistrate judge's recommendations, the court is required to review the contested portions de novo. Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

**PLAINTIFF'S OBJECTIONS**

Palmer filed timely objections to the Report and Recommendation. First, Palmer applies his own brand of mathematics to the eight strikes. He concludes there are only two strikes, as follows:

(i) Two of the strikes are on appeal, and therefore neither judgment is final and, accordingly, should not count as a strike;

(ii) Two of the strikes occurred in lawsuits when he was not in prison, where he was not proceeding pro se, and where he settled for a sum of money [The Court notes that Palmer's description of these actions is at a substantial variance from the Magistrate Judge's];

(iii) Three lawsuits were related and should be considered as one strike.

Counting as Plaintiff does, (i) and (ii) reduce eight strikes to four, and counting three actions as one strike, means there are only two valid strikes (i.e., the three actions as one strike, and the Alvarez action).

Even if the Court were to agree with Plaintiff as to (i) and (ii) (and it does not on (i)), there is no good reason why the three lawsuits which Plaintiff chose to bring as separate actions, and are identified by separate docket numbers, and proceed against separate defendants, should be counted as only one. At a bare minimum, there are four strikes and Plaintiff must pay to file his actions, just like any other citizen, as Judge Mukasey had previously ordered.

Plaintiff argues that since all of his complaints are on-going, they are imminent. In his objections, Palmer points in particular to allegations of imminent danger, such as, "I went to see the defendants [i.e. two treating physicians] in January of

5

2004 and complained I was getting an infection between my toes." Further, his toe nails "started turning black, yellow and green and the plaintiff finger nails and finger started to become swolling" [sic]. "Greenhaven C.F. allowed the matter to become worse, now the plaintiff must have six toe nails and one pinkie nail removed". (Palmer's Objections to Report and Recommendation 8/31/2007, p. 2, 3.) This simple recitation of his claimed ailments demonstrates that there is no imminence and certainly no imminence of "serious physical injury." Palmer's argument is untenable; indeed, it is frivolous, and it must be rejected.

## CONCLUSION

The Court adopts the Report and Recommendation and rejects Plaintiff's objections.

Plaintiff must pay his filing fee in advance, and his failure to do so, as Judge Mukasey held in <u>Palmer v. Alvarez</u>, means that his action must be and is hereby dismissed. An appeal from this order would not be taken in good faith, as it would be frivolous, as is the current pleading. 28 U.S.C. § 1915(a)(3). The Clerk is directed to dismiss the action and close out this case.

Dated: New York, New York
December 4, 2007

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

2004 and complained I was getting an infection between my toes." Further, his toe nails "started turning black, yellow and green and the plaintiff finger nails and finger started to become swolling" [sic]. "Greenhaven C.F. allowed the matter to become worse, now the plaintiff must have six toe nails and one pinkie nail removed". (Palmer's Objections to Report and Recommendation 8/31/2007, p. 2, 3.) This simple recitation of his claimed ailments demonstrates that there is no imminence and certainly no imminence of "serious physical injury." Palmer's argument is untenable; indeed, it is frivolous, and it must be rejected.

## CONCLUSION

The Court adopts the Report and Recommendation and rejects Plaintiff's objections.

Plaintiff must pay his filing fee in advance, and his failure to do so, as Judge Mukasey held in <u>Palmer v. Alvarez</u>, means that his action must be and is hereby dismissed. An appeal from this order would not be taken in good faith, as it would be frivolous, as is the current pleading. 28 U.S.C. § 1915(a)(3). The Clerk is directed to dismiss the action and close out this case.

Dated: New York, New York
December 4, 2007

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Mr. Russell D. Palmer
# 01-A-0821
Otisville Correctional Facility
P.O. Box 8
Otisville, New York 10963

Rebecca Ann Durden, Esq.
New York State Department of Law (EPB)
The Capitol
Albany, New York 12224